UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JING KE, derivatively on behalf of Presstek, Inc.,<br><br>                  Plaintiff,<br><br>            vs.<br><br>JOHN H. DREYER, JEFFREY JACOBSON, DANIEL S. EBENSTEIN, LAWRENCE HOWARD, STEVEN N. RAPPAPORT, FRANK STEENBURGH, DONALD WAITE III, MICHAEL D. MOFFITT, BRIAN F. MULLANEY, EDWARD J. MARINO, MOOSA E. MOOSA, and JEFFREY A. COOK,<br><br>                  Defendants,<br><br>            and<br><br>PRESSTEK, INC.,<br><br>                  Nominal Defendant. | Civil Action No. 08-cv-364-JL |

## STIPULATION OF SETTLEMENT

The parties to the above-captioned shareholder derivative action (the "Litigation") pending before the United States District Court for the District of New Hampshire (the "Court") by and through their respective attorneys, have entered into this Stipulation of Settlement dated as of October 27, 2009 (the "Stipulation"), upon and subject to the following terms and conditions:

WHEREAS, on September 10, 2008, plaintiff Jing Ke ("Plaintiff") filed a shareholder derivative complaint (the "Derivative Complaint") in the Court against John H. Dreyer, Jeffrey Jacobson, Daniel S. Ebenstein, Lawrence Howard, Steven N. Rappaport, Frank Steenburgh, Donald Waite III, Michael D. Moffitt, Brian F. Mullaney, Edward J. Marino, Moosa E. Moosa, and Jeffrey A. Cook (together, the "Individual Defendants"), and nominal defendant Presstek, Inc. ("Presstek" or the "Company", and together with the Individual Defendants, the "Defendants"), alleging breaches of fiduciary duty, including the alleged failure of the Individual Defendants (each a member of Presstek's Board of Directors) to implement, oversee, and maintain meaningful and effective financial controls for the Company;

WHEREAS, Defendants have at all times denied and continue to deny all allegations or charges of wrongdoing or liability alleged in the Derivative Complaint, and assert that they acted in good faith and in a manner they reasonably believed to be in the best interests of the Company and its shareholders;

WHEREAS, on September 24, 2008, Plaintiff and Defendants, by and through their undersigned counsel, participated in a mediation conducted by the Honorable Nicholas H. Politan;

WHEREAS, following the mediation with Judge Politan and after lengthy arm's-length negotiations, Plaintiff and Defendants (collectively, the "Parties"), by and through their undersigned counsel, have reached an agreement providing for the settlement and dismissal with prejudice of the Litigation on the terms and conditions set forth herein (the "Settlement");

WHEREAS, Plaintiff and his attorneys ("Derivative Counsel") consider the terms of the Settlement to be fair, reasonable, adequate, and in the best interests of the Company and its shareholders;

WHEREAS, counsel for the Parties have concluded that it is reasonable to pursue a settlement of the claims asserted in the Derivative Complaint based upon the procedures outlined herein and the benefits and protections offered herein, and therefore the parties wish to document their agreement-in-principle in this Stipulation;

WHEREAS, despite maintaining that they are not liable for the claims asserted herein and that they have good defenses thereto, Defendants have determined to enter into this Agreement, among other reasons, to avoid further expense, inconvenience, and the burden of protracted litigation, to avoid the risk of litigation, and to obtain a full release of all claims and potential claims from Plaintiff and the "Current Presstek Shareholders" (as defined herein); and

WHEREAS, Plaintiff's entry into this Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Litigation (the "Claims").

NOW, THEREFORE, in consideration of the foregoing promises, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    <u>No Admission</u>.  The Parties agree that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of liability or an admission against interest or an admission of any wrongdoing whatsoever by any of them. Defendants deny that they have committed any violations of law or other wrongdoing. Plaintiff's entry into this Stipulation is not an admission as to the lack of any merit of any of the Claims. The Settlement and all negotiations, discussions and proceedings in connection with the Settlement shall not create an inference of wrongdoing, and are inadmissible for any purpose other than the enforcement of the terms of this Settlement.

2.  <u>Select Definitions.</u> The following terms, as used in this Agreement, have the following meanings:

   a. "Current Presstek Shareholder(s)" means all record and beneficial owners of Presstek common stock as of October 27, 2009.

   b. "Final Court Approval" means the Court has entered the Final Judgment in accordance with Paragraph 6 and the expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to such Final Judgment or, if any appeal, reargument, writ of certiorari or other review is filed and not dismissed, after such Final Judgment is upheld in all material respects and is no longer subject to reargument, certification, certiorari or other review; <u>provided, however,</u> that an appeal shall not delay, impair or preclude Final Court Approval to the extent it pertains solely to the Fee Award.

   c. "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

   d. "Preliminary Court Approval" means an order by the Court substantially similar in form to Exhibit A hereto: (i) preliminarily approving the Settlement, (ii) approving a form of notice to the Current Presstek Shareholders substantially similar in form to Exhibit B hereto, which includes the material terms and conditions of the Settlement and informs the Current Presstek Shareholders of their right to file an objection to the Settlement and the procedures for doing so, and (iii) approving a procedure providing that notice to the Current Presstek Shareholders shall be by first-class mail or such other procedure for providing notice which the Court directs.

   e. "Released Claims" means any and all claims of relief, or causes of action, known or unknown, (including Unknown Claims as defined below), that have been or could have been asserted in the Litigation or Derivative Complaint, or could have been asserted in any forum, by Plaintiff, the Company, or any Current Presstek Shareholder arising out of, based upon or relating to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions which were alleged or could have been alleged in the Derivative Complaint or the Litigation, provided, however, that the "Released Claims" shall not include the right of any party to enforce in the Court the terms of the Stipulation or Settlement.

   f. "Released Parties" means the Defendants and their respective present and former direct and indirect parents, subsidiaries, and affiliates, and any of their present and former officers, directors, partners, employees, agents,

representatives, attorneys, advisors, investment advisors, fiduciaries, sureties, insurers and reinsurers, auditors and accountants, predecessors, heirs, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing.

g. "Releasing Parties" means Plaintiff and the Current Presstek Shareholders on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers, and directors.

h. "Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that Plaintiff expressly waives, and each Current Presstek Shareholder shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff acknowledges, and the Current Presstek Shareholders by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

3. Settlement of the Litigation.

    a. In connection with negotiations with Derivative Counsel, the facts underlying the allegations in the Litigation and/or the proposed settlement of the Litigation, Presstek has agreed to make certain changes to its corporate governance policies and procedures as reflected in the attached Exhibit C. These modifications concern, among other things:, (i) adding two new independent members of the Company's Board of Directors in replacement of three members of the Board, (ii) revising the charters for certain committees of the Company's Board of Directors, (iii) developing a revised corporate communications policy, (iv) revising the Company's corporate governance principles, (v) implementing a new ethics reporting hotline, and (vi) establishing a management task force to coordinate remedial actions taken to correct deficiencies in the Company's internal controls over financial reporting.

    b. Presstek agrees that the Settlement and the corporate governance modification set forth in Exhibit C provide substantial benefits to Presstek and its shareholders.

    c. Presstek is satisfied that the foregoing constitutes reasonably equivalent value for the release of the Released Claims and is a fair, reasonable, and adequate resolution of the Released Claims on Presstek's behalf and is in the best interests of Presstek and the Current Presstek Shareholders.

4. <u>Preliminary Court Approval</u>. After execution of the Stipulation of Settlement, Derivative Counsel shall promptly file a motion, on consent by Presstek, seeking Preliminary Court Approval of the Settlement substantially similar in form to Exhibit D hereto.

5. <u>Notice</u>. Plaintiff and Derivative Counsel shall not bear any out-of-pocket cost or administrative responsibility in connection with providing the Notice to Current Presstek Shareholders. Presstek shall assume the administrative responsibility of providing the Notice to Current Presstek Shareholders in accordance with the Notice Order, and shall bear the expense of preparing and disseminating the Notice to Current Presstek Shareholders. Prior to the final hearing on the Settlement, Defendants or their counsel shall file with the Court an appropriate declaration with respect to the preparation and dissemination of the Notice.

6. <u>Final Judgment</u>. Derivative Counsel shall file a motion, on consent by Presstek, seeking entry of an order and final judgment substantially similar in form to Exhibit E hereto:

    a. Approving the Settlement, including a finding that the terms are a fair, reasonable, and adequate and in the best interests of the Company and its shareholders;

    b. Dismissing the Litigation with prejudice and without costs as to the Defendants except as otherwise provided herein;

    c. Containing releases as described in Paragraph 7 and a covenant not to sue on the terms described in Paragraph 8; and

    d. Barring and enjoining the Plaintiff and each Current Presstek Shareholder from commencing or prosecuting, or assisting in the commencement or prosecution of any Released Claim against any of the Released Parties ("Final Judgment").

7. <u>Release</u>.

    a. The Releasing Parties fully, finally and forever release, relinquish, and discharge the Released Claims against the Released Parties.

  b. The Company and each of the Released Parties fully, finally, and forever release, relinquish, and discharge Plaintiff and Derivative Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

8. <u>Covenant Not To Sue</u>. The Releasing Parties shall not commence or prosecute any Released Claims against any Released Parties. The Releasing Parties also shall not seek to establish liability, solicit or assist any Person to assert claims based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Derivative Complaint (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties.

9. <u>Conditions of Settlement</u>. The Settlement is conditioned on each of the following:

  a. Preliminary Court Approval;

  b. Entry of the Final Judgment; and

  c. Final Court Approval.

10. <u>Attorneys' Fees and Costs</u>. Derivative Counsel expects to apply to the Court for an award of attorneys' fees, costs, and/or expenses in the amount of $150,000 to be paid by the Company, by its insurers ("Fee Award"). Such Fee Award is for services that have conferred substantial benefits on Presstek. The Company will pay such fees, costs, and/or expenses as may be actually awarded by the Court, not to exceed $150,000. Except as expressly provided for herein, the Defendants shall not be liable for any fees, costs or expenses of Plaintiff, or any present or former shareholder of the Company, or any of their attorneys, experts, advisors, agents, or representatives in connection with this Litigation. The procedure for and the allowance or disallowance of the Fee Award is to be considered by the Court separately from the consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceedings relating to the Fee Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the Final Court Approval. The Fee Award shall be made payable to an interest bearing account as designated by Rigrodsky & Long, P.A., on behalf of Derivative Counsel, as compensation for professional services rendered by Derivative Counsel and expenses incurred by Derivative Counsel in the prosecution of the Litigation. The Fee Award shall be paid within fourteen (14) business days after entry of the Judgment. In the event the Final Court Approval does not occur or if the Stipulation of Settlement is cancelled or terminated, any and all payments to Derivative Counsel, plus accrued interest, shall be promptly returned pursuant to written instructions from Defendants' counsel and all Derivative Counsel shall be jointly and severally liable for the return of any and all payments. Defendants and their Related Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Derivative Counsel, all other counsel representing Plaintiff in the Litigation and/or any other person who may assert some claim thereto, of any fee and expense amount.

11. <u>Failure of the Court to Approve the Settlement</u>. If for any reason the Settlement does not receive Final Court Approval or any of the conditions in Paragraph 9 are not met, or this Agreement is terminated by its terms or is otherwise voided for any reason, then: (1) the Parties shall be restored to their respective positions in the Litigation as of the date one day prior to the date of this Agreement, and (2) this Agreement and any subsequent settlement documents shall be null and void, and inadmissible in any proceeding before any court or tribunal. In such event, none of the parties shall be entitled to recover any cost or expense incurred in connection with the implementation of this Stipulation.

12. <u>Confidentiality</u>. Plaintiff and Derivative Counsel agree not to disclose the existence or terms of the Settlement to any Person until after public disclosure of the Settlement by Presstek. The Parties and their counsel agree that they will refrain from disparaging each other or the Settlement in any press releases or statements to the media, or in any other communications.

13. <u>Stay of Proceedings</u>. Pending Final Court Approval, Plaintiff shall not seek relief in any forum, or take any action in the Litigation, and all proceedings in the Litigation or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

14. <u>Execution</u>. This Agreement may be executed in counterparts by facsimile or original signature, each of which shall constitute and be deemed one and the same instrument. Each of the attorneys executing this Agreement on behalf of his/her respective client(s) hereby represents and warrants that he/she has full power and authority to do so.

15. <u>Entire Agreement</u>. This Agreement contains the Parties' entire agreement, and supersedes any prior oral or written agreements, negotiations, and/or communications by the Parties on the subject matter hereof, and may only be modified or amended by a writing executed by all the signatories hereto.

16. <u>Cooperation; Best Efforts</u>. The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

17. <u>Governing Law</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to the New York's conflict of law rules.

18. <u>Successors</u>. Except as otherwise provided herein, this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns. It is intended by the Parties that no right of any third-party beneficiary shall arise from this Stipulation.

19. <u>Final and Complete Resolution</u>. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between or among them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation or defense. While retaining their right to deny that the claims advanced in the Litigation were meritorious, Defendants agree that the Litigation was filed in good faith and in accordance with applicable law.

20. Counterparts. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

21. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

Dated: ~~October~~ Nov. 2, 2009

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel.: (302) 295-5310
Fax: (302) 654-7530

**BOUCHARD KLEINMAN & WRIGHT, P.A.**
Kenneth G. Bouchard
1 Merrill Drive, Suite 6
Hampton, NH 03842
Tel.: (603) 926-9333
Fax: (603) 929-1221

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Richard A. Maniskas
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067
Tel.: (310) 201-9150
Fax: (310) 201-9160

*Counsel for Plaintiff*

Dated: October __, 2009

_____
**WHITE & CASE LLP**

Glenn M. Kurtz
Douglas P. Baumstein
Gregory M. Starner
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

*Attorneys for Defendant Presstek, Inc., John H. Dreyer, Jeffrey Jacobson, Daniel S. Ebenstein, Lawrence Howard, Steven N. Rappaport, Frank Steenburgh, Donald Waite III, Michael D. Moffitt, Brian F. Mullaney, And Jeffrey A. Cook*

Dated: ~~October~~ Nov. 2, 2009

_____ /w/ PERMISSION BDL
**BINGHAM McCUTCHEN LLP**

Jordan D. Hershman
Jason D. Frank
Nikki J. Fisher
1 Federal Street
Boston, MA 02110-1726
(617) 951-8000

*Attorneys for Defendant Moosa E. Moosa*

Dated: ~~October~~ Nov. 2, 2009

_____ /w/ PERMISSION BDL
**CHOATE HALL & STEWART LLP**

John R. Baraniak, Jr. (#6562)
R.J. Cinquegrana
Two International Place
Boston, MA 02110
(617) 248-5000

*Attorneys for Defendant Edward J. Marino*

9