# UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF NEW HAMPSHIRE

| | |
|---|---|
| JING KE, derivatively on behalf of Presstek, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN H. DREYER, JEFFREY JACOBSON, DANIEL S. EBENSTEIN, LAWRENCE HOWARD, STEVEN N. RAPPAPORT, FRANK STEENBURGH, DONALD WAITE III, MICHAEL D. MOFFITT, BRIAN F. MULLANEY, EDWARD J. MARINO, MOOSA E. MOOSA, and JEFFREY A. COOK, <br><br> Defendants, <br> and <br> PRESSTEK, INC., <br><br> Nominal Defendant. | Civil Action No. 08-cv-364-JL |

## ORDER REGARDING PRELIMINARY APPROVAL AND NOTICE

WHEREAS, as of October 27, 2009, the parties to the above-captioned shareholder derivative litigation (the "Litigation") entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the claims alleged in the Litigation with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. For the purposes of this Settlement only, the Court finds that the Litigation properly was brought as a shareholder derivative action pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for and on behalf of nominal defendant Presstek, Inc. ("Presstek"), and that Plaintiff and his counsel fairly and adequately represents the interests of shareholders similarly situated in enforcing the rights of Presstek.

2. A hearing (the "Final Settlement Hearing") is hereby scheduled to be held before the Court on `Jan 21st`, 20`10` for the following purposes:

    (a) to determine finally whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and in the best interest of Presstek and should be approved by the Court;

    (b) to determine whether the Order and Final Judgment as provided for under the terms of the Stipulation should be entered, dismissing the Amended Complaint filed in the Litigation with prejudice; and to determine whether releases should be provided to the Released Parties, as defined and set forth in the Stipulation;

    (c) to hear and determine objections to the Settlement;

    (d) to consider whether to award Plaintiff's Counsel the Fee and Expense Amount as set forth in the Stipulation; and

    (e) to rule upon such other matters as the Court may deem appropriate.

3. The Court reserves:

(a) the right to finally approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement consistent with such Settlement, without further notice to Presstek shareholders; and

(b) the right to continue or adjourn the Final Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Presstek shareholders.

4. Plaintiffs' Counsel shall submit all briefs, affidavits, papers and other documentation in support of Settlement approval five (5) days before the Final Settlement Hearing.

5. The Court approves the form and substance of the proposed notice of the Settlement (the "Notice") to Presstek shareholders substantially in the form of Exhibit C to the Stipulation.

6. Within ten (10) calendar days after the date of this Order, Defendants shall cause a Notice of Pendency and Proposed Settlement of Derivative Action (the "Notice"), substantially in the form annexed as Exhibit C to the Stipulation, to be mailed by United States mail, postage pre-paid, to all current shareholders of the Company at their last known address appearing in the stock transfer records maintained by or on behalf of Presstek. All record holders of shares of Presstek stock who were not also the beneficial owners of those shares will be requested to forward the Notice to the beneficial owners of those shares. Defendants shall use reasonable efforts to give notice to beneficial owners by (a) making additional copies of the Notice available to any record holder who, before the Settlement Hearing, requests them for distribution to beneficial owners, or (b) mailing additional copies of the Notice to beneficial owners if reasonably requested to do so by record holders.

7. The Court finds that the giving of notice substantially in the manner set forth above (a) meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process and applicable law; and (b) shall constitute due and sufficient notice of the matters set forth therein for all purposes to all persons entitled to such notice.

8. Plaintiff's Counsel are hereby designated as Lead Derivative Counsel and are authorized to act on behalf of Presstek shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

9. Any Presstek shareholder may object to the Settlement and/or Plaintiff's Counsel's request for Fees and Expenses. All such shareholders must send a signed letter expressing their desire to object to the Settlement of the Litigation or any aspect thereof. All objections must include the objecting shareholder's name, address, telephone number, proof of ownership of Presstek common stock, a detailed description of the shareholder's specific objections to any matter before the Court, and all the grounds for the objection to the Settlement and/or Plaintiff's Counsel's application for fees and expenses. Any objection must also include all documents the shareholder wishes the Court to consider. Shareholders must mail their objections, if any, and all supporting papers to the Court and to the counsel for the parties listed below to arrive no later than fourteen (14) business days before the Final Settlement Hearing. Objections must be sent to the Court and following counsel:

> Lionel Z. Glancy
> Michael Goldberg
> Richard A. Maniskas
> Glancy Binkow & Goldberg, LLP
> 1801 Avenue of the Stars
> Suite 311
> Los Angeles, CA 90067

>Seth D. Rigrodsky
>Brian D. Long
>Rigrodsky & Long, P.A.
>919 North Market Street, Suite 980
>Wilmington, DE 19801
>
>Glenn M. Kurtz
>Douglas P. Baumstein
>Gregory M. Starner
>White & Case LLP
>1155 Avenue of the Americas
>New York, NY  10036

Objections must be received by this date to be considered.  Shareholders may object either on their own or through an attorney hired at their own expense.  Shareholders or their attorneys may, but are not required to, appear at the Final Settlement Hearing.  All shareholders or their attorney(s) intending to appear at the Final Settlement Hearing must file a notice of intent to appear with the Court and provide copies to counsel for the parties at the addresses set forth above no later than ten days before the date of the Final Settlement Hearing.

10. Any Presstek shareholder who does not make his, her or its objection in substantially the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall forever be foreclosed from: (i) making any objection to the fairness, adequacy or reasonableness of the Settlement; or (ii) making any objection to the fairness and reasonableness of the Fee and Expense Amount.

11. If the Settlement is terminated pursuant to the terms of the Stipulation then in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any Person or entity, and each party shall be restored to his, her or its respective position as it existed prior to entry of this Order.

12. All Presstek shareholders shall be bound by the applicable determinations and orders, and the Judgment, whether favorable or unfavorable to any of them.

13. Pending final determination of whether the Settlement should be approved, the Plaintiff, all Presstek shareholders, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

14. If the Settlement provided for in the Stipulation is approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

15. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or in connection with the Settlement.

**IT IS SO ADJUDGED.**

DATED: November 4, 2009      /s/ Joseph N. Laplante
                                       DISTRICT JUDGE