UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JAN 21 2010

**FILED**

| | |
|---|---|
| JING KE, derivatively on behalf of Presstek, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN H. DREYER, JEFFREY JACOBSON, DANIEL S. EBENSTEIN, LAWRENCE HOWARD, STEVEN N. RAPPAPORT, FRANK STEENBURGH, DONALD WAITE III, MICHAEL D. MOFFITT, BRIAN F. MULLANEY, EDWARD J. MARINO, MOOSA E. MOOSA, and JEFFREY A. COOK, <br><br> Defendants, <br><br> and <br><br> PRESSTEK, INC., <br><br> Nominal Defendant. | Civil Action No. 08-cv-364-JL |

## ORDER AND FINAL JUDGMENT

Defendants, John H. Dreyer, Jeffrey Jacobson, Daniel S. Ebenstein, Lawrence Howard, Steven N. Rappaport, Frank Steenburgh, Donald Waite III, Michael D. Moffitt, Brian F. Mullaney, Edward J. Marino, Moosa E. Moosa and Jeffrey A. Cook, and Plaintiff, Jing Ke, individually, and derivatively on behalf of Presstek, Inc., having presented, and filed herewith the Stipulation of Settlement;

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Stipulation of Settlement filed herewith is incorporated by reference herein as if it is set forth in its entirety herein, as operative terms and provisions of this Judgment, including Exhibit A appended thereto;

2. All shareholders of Presstek, Inc. are bound by this Judgment;

3. The Released Claims, and this matter in its entirety, are dismissed, with prejudice, each party to pay her, his or its own costs, except as set forth in the Stipulation of Settlement;

4. The Court finds that the terms of the Settlement as reached by the parties and the Stipulation of Settlement filed with the Court are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so;

5. Upon the Effective Date, Plaintiff, on his own behalf, individually and derivatively on behalf of Presstek, Inc. shall have, and by operation of this Judgment shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims and any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation against the Released Persons;

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and counsel to Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims;

7.      Plaintiff's Counsel are awarded attorneys' fees and expenses in the amount of $ ~~$~~ 150,000, which sum the Court finds to be fair and reasonable, to be paid by Defendants in accordance with the terms of the Stipulation;

8.      This Order and Final Judgment shall not constitute any evidence or admission by any of the Defendants hereto or any other person that any act of negligence or wrongdoing of any nature has been committed and shall not be deemed to create any inference that there is any liability therefore;

9.      The effectiveness of the provisions of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's application for an award of attorneys' fees and expenses;

10.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of the Settlement and this Judgment; and (b) the Settling Parties for the purposes of implementing and enforcing the Stipulation and Judgment.

**IT IS SO ADJUDGED.**

DATED: 1/21/10

_____
DISTRICT JUDGE
JOSEPH N. LAPLANTE